IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN BROCKMEIER,

      Plaintiff,                    No. CIV S-05-2090 MCE EFB PS

      vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

      Defendants.             ORDER
_____/

      This action, in which plaintiff is proceeding pro se, was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). The case was before the court on February 21, 2007 for status conference. Scott Cavanaugh appeared as defense counsel and plaintiff appeared in her own behalf.

      This case was previously set for status conference on January 24, 2007. Plaintiff failed to appear at that hearing, although she did participate with defense counsel in preparing and filing the joint status report. Based on plaintiff's failure to appear, the court issued an order to show cause why plaintiff should not be taxed with defense counsel's costs for the wasted appearance.[1]

////

---

[1] Per the court's order, defense counsel submitted a bill of costs for the wasted appearance, requesting a total of $255.00.

1

1 Ultimately, it became apparent that plaintiff had moved and failed to notify the Clerk of her new address as required by Local Rule 83-182(f).  *See* L.R. 83-182(f) (notifying all parties, including those appearing *in propria persona*, of their continuing duty to notify the Clerk of any change of address and cautioning that absent such notice, service of documents at the prior address shall be fully effective).

Indeed, in her response to the order to show cause, plaintiff explained that she had not received notice of the status conference, and asked the court to begin sending her all documents "return receipt requested."  That request is denied.  As explained at the February 21, 2007 hearing, the court orders plaintiff to pay to defense counsel $195.00 for the wasted appearance on January 24, 2007.[2]  Such payment shall be made within thirty (30) days.  Plaintiff shall file a declaration of service of such payment within five (5) days thereafter.

Plaintiff's request for more time to file a motion for leave to amend the complaint is granted.  Plaintiff shall file that motion no later than forty-five (45) days from the date of service of this order.  In light of plaintiff's intent to amend the complaint, the court will continue the status conference to May 9, 2007 at 10:00 a.m.  Plaintiff's motion for leave to amend, if filed, shall be heard on that date as well.

IT IS SO ORDERED.

DATED:  February 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court excludes from taxable costs the .40 hours defense counsel spent in preparation for the status conference.

2