IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN CARLTON BROCKMEIER,

      Plaintiff,                      No. CIV S-05-2090 MCE EFB PS

    vs.

SOLANO COUNTY SHERIFF'S DEPT., et al.,

      Defendants.             ORDER

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was before the undersigned on May 16, 2007, for a status conference and for hearing on plaintiff's motion to amend. 28 U.S.C. § 636(b)(1); Local Rule 72-302(c)(21).

      On February 26, 2007, the undersigned granted plaintiff's request for additional time to file a motion for leave to amend, and set the motion for hearing on May 9, 2007, which was later continued to May 16, 2007. Although that order instructed plaintiff to file a motion for leave to amend the complaint within forty-five days, plaintiff never filed the motion. Instead, she simply filed a first amended complaint.

      Defendants, who had previously filed an answer, moved under Fed. R. Civ. P. 12(f) to strike the first amended complaint. An amended complaint filed without leave of court, when so

1

required, is without legal effect. *Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642, 644-45 (D. Nev. 1995) (citing *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988)). Here, plaintiff was required to obtain leave of court to file the amended complaint because an answer was on file. Fed. R. Civ. P. 15(a). However, defendants' motion to strike is not the proper procedural device to seek dismissal of a complaint. *Ritzer*, 162 F.R.D. at 644 (citations omitted).

Nonetheless, for the sake of efficiency, the undersigned has considered defendants' motion to strike and hereby denies it. As explained below, the court construes plaintiff's filing as a request for leave to amend under Rule 15(a) and grants the motion. Defendants' futility/immunity argument will be address in either a motion for summary judgment or a motion to dismiss.

The court has discretion to deem an untimely amended pleading served without judicial permission "as properly introduced when the court would have granted leave to amend had it been sought." *Ritzer*, 162 F.R.D. at 644 (citations omitted).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The Supreme Court and the Court of Appeals for the Ninth Circuit interpret . . . Rule 15(a) very liberally. . . ." *Ritzer*, 162 F.R.D. at 644 (citing *Foman v. Davis*, 371 U.S. 178 (1962); *Schlacter-Jones v. General Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981)).

In determining whether justice requires a court to grant leave to amend, courts commonly consider four factors: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Ritzer*, 162 F.R.D. at 644 (citing *Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991)). "The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice." *Ritzer*, 162 F.R.D. at 644 (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

1    Here, defendants have offered no substantive argument as to why plaintiff should not be
2 granted leave to amend the complaint.  The first amended complaint lodged by plaintiff is nearly
3 identical to the originally filed complaint, except that plaintiff now seeks to add as a defendant
4 Solano County Building Inspector/Compliance Officer David James, individually and in his
5 official capacity.  The court, although strongly disfavoring plaintiff's failure to follow applicable
6 rules and court orders, finds no evidence of bad faith or dilatory motive on the part of plaintiff,
7 nor does it discern any prejudice to the opposing party.  Defendants' motion to strike, deemed an
8 opposition to leave to amend, does not address the issue of futility.  However, at oral argument
9 defendants argued that the amendment to add an additional party will ultimately be futile
10 because of qualified immunity.  Defendants may address this issue by an appropriate dispositive
11 motion.

12    For these reasons, the court hereby construes the lodged first amended complaint as a
13 motion for leave to amend, grants that motion, and deems the first amended complaint as
14 properly introduced.  Plaintiff shall promptly serve the first amended complaint in accordance
15 with the Federal Rules of Civil Procedure and file proof of service of such.  Accordingly, the
16 hearing on defendants' motion to strike set for May 23, 2007, is vacated.

17    Plaintiff is cautioned  that further failure to comply with the Federal Rules of Civil
18 Procedure, this district's local rules, and court orders may result in sanctions, including a
19 recommendation of dismissal.  *See* Local Rule 11-110.  Plaintiff has indicated her intention to
20 retain counsel.  Plaintiff shall promptly notify the court upon such retention.

21    Given the addition of another defendant to this action, the court declines to issue a
22 scheduling order at this time.  A continued status conference is set for August, 1, 2007.

23    In accordance with the foregoing, IT IS HEREBY ORDERED that:

24    1. Defendants' motion to strike the amended complaint is denied;

25    2. The lodged first amended complaint is construed as a motion for leave to amend, that
26 motion is granted, and the first amended complaint is deemed properly introduced; and,

3. The hearing on defendants' motion to strike set for May 23, 2007, is vacated, and a further status conference is set for August 1, 2007 at 10:00 a.m. in Courtroom No. 25.

DATED:   May 21, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE