IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN CARLTON BROCKMEIER,

    Plaintiff,

vs.

SOLANO COUNTY SHERIFF'S DEPT., et al.,

    Defendants.

No. CIV S-05-2090 MCE EFB

ORDER

_____/

On April 22, 2009, this court heard defendants' motion to compel further deposition of plaintiff. Attorney John Whitefleet appeared on behalf of defendants. Plaintiff, who proceeds in *pro se*, failed to appear. For the reasons stated on the record, and set forth herein, the court grants defendants' motion and orders plaintiff to appear for her further continued deposition on Wednesday, May 20, 2009, at 10:00 a.m., at the office of defendants' counsel.

The amended complaint alleges that, on October 24, 2004, defendants made an unauthorized search of plaintiff's home after she reported a suspected burglary, which resulted in the "yellow-tagging" of her house and its undervalued sale. Plaintiff claims, *inter alia*, violation of her Fourth Amendment rights and seeks, pursuant to 42 U.S.C. § 1983, compensatory and punitive damages for her direct economic losses and emotional distress.

////

Defendants have gone to some effort to complete plaintiff's deposition. They commenced plaintiff's deposition on December 12, 2007, but it could not be completed on that date. Accordingly, further deposition was scheduled for February 26, 2008. However, that continued deposition was postponed at the request of plaintiff's attorney and rescheduled for June 10, 2008. Prior to the newly scheduled date, plaintiff's attorney withdrew from the case and the deposition was again postponed. It was eventually rescheduled for March 4, 2009. However, it was again delayed. On February 17, 2009, defendants received a letter from plaintiff stating that she would be unable to attend because she was "still unable to travel with my foot as tender as it has been. I'll provide you with a doctor's note just as soon as I can arrange for an appointment." Exh. C to Whitefleet Decl. On February 23, 2009, defendants notified plaintiff that her deposition was rescheduled for April 8, 2009. But this date, too, was frustrated. On April 2, 2009, plaintiff telephoned defendants' counsel and stated that she would be unable to attend the April 8, 2008 deposition due to her "continuing injury." Whitefleet Decl., at ¶ 10. On April 8, 2009, plaintiff, without obtaining a protective order, failed to appear for her further scheduled deposition.

Anticipating that plaintiff would not appear for her deposition, defendants filed the instant motion on March 2, 2009. On April 9, 2009, defendants submitted to plaintiff their portion of the proposed joint statement, and solicited her input, as required by E. D. Cal. L. R. ("Local Rule") 37-251. Plaintiff submitted her portion, which implies a general refusal to participate,[1] and which included a photocopy of a note written on prescription form by Sandra Greenberg, D.O, dated April 8, 2009, which states, "Please excuse patient [identified as plaintiff]

---

[1] Plaintiff's statement in the joint stipulation provides in full (Dckt. No. 68, at p. 4):

A medical excuse was provided, but further deposition testimony is pointless, as somebody drastically edited the last deposition transcript, in a way that only highly trained legal counsel could do. The transcript does not match my recording of my testimony. This is but one of the many dirty tactics that have transpired in this case and it's time for the court to take note of what's going on behind the scenes.

2

from jury duty due to pain from osteoarthritis (avoid travel)." See Exh. E to Whitefleet Decl., and Dckt. No. 70.

Plaintiff thereafter failed to appear at the April 22, 2009 hearing on this matter, despite acknowledging her awareness of the hearing through her participation in preparing the joint stipulation.

Plaintiff has not demonstrated substantial justification for failing to attend her continued deposition, and hence failing to participate in the discovery process precipitated by her own filing of this action. Plaintiff's belated submission of a medical excuse from "jury duty," based on the common medical condition of osteoarthritis, does not meet this standard. Moreover, plaintiff's delay for sixteen months, by one means or another, to participate in her further deposition belies her intent to pursue the merits of this action.

Plaintiff is admonished that the court may impose monetary and other sanctions, including dismissal of this action, in response to plaintiff's failure to prosecute this action, including her failure reasonably to cooperate with defense counsel in the discovery process. *See generally*, Fed. R. Civ. P. 37(d) (authorizing range of sanctions set forth at Fed. R. Civ. P. 37(b)(1)(A),[2] based on plaintiff's failure to appear at her April 8, 2009 deposition); *see also* Fed. R. Civ. P. 30(d)(2), and (g)(1) (authorizing payment of defendants' reasonable expenses, including attorney fees). Compelling plaintiff's attendance at a rescheduled deposition underscores this court's authority to impose sanctions should plaintiff fail to comply with the instant order. *See* Fed. R. Civ. P. 37(b).

More generally, Federal Rule of Civil Procedure 41(b) allows dismissal of this action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . ." *See also* E. D. Cal. L. R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any

---

[2] These sanctions include prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, striking pleadings in whole or in part, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(i) through (vi).

3

order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Plaintiff's *pro se* status does not derogate this authority. "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E. D. Cal. L. R. 83-183.

Pursuant to this authority, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's further deposition, Dckt. No. 66, is granted;

2. Plaintiff shall appear for her continued deposition on Wednesday, May 20, 2009, at 10:00 a.m., at the office of defendants' counsel, located at the law firm of Porter Scott, 350 University Avenue, Ste. 200, Sacramento CA 95825 (tel. 916-929-1481); and

3. Failure of plaintiff to comply with this order shall result in a recommendation this action be dismissed; the court will also consider whether plaintiff should be required to compensate defendants their reasonable expenses, including attorney fees, incurred as a result of plaintiff's repeated failures to attend her continued deposition, and the necessity of defendants to file motions with the court.

IT IS SO ORDERED.

DATED: April 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4