IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN BROCKMEIER,

     Plaintiff,                         No. CIV S-05-2090 MCE EFB PS

     vs.

SOLANO COUNTY SHERIFF'S
DEPT., et al.,                         <u>ORDER TO SHOW CAUSE</u>

     Defendants.
_____/

     This action was referred to the undersigned under Eastern District of California Local Rule ("Local Rule") 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On October 21, 2009, the case was before the undersigned for a hearing on defendants' motion to compel plaintiff to appear for a further deposition, to compel plaintiff to respond to certain document requests, and for sanctions. Dckt. Nos. 77, 86. Attorney Jennifer Plescia appeared on behalf of defendants; plaintiff failed to appear.

     It is apparent plaintiff was aware of the hearing. The hearing was originally scheduled for September 23, 2009, and on September 18, 2009, plaintiff filed a last minute request to continue the hearing. Dckt. No. 81. On September 21, 2009, the court reluctantly granted plaintiff's request and continued the hearing to October 21, 2009. Dckt. No. 82. Plaintiff was served with a copy of the court's order continuing the hearing. *Id.* On October 7, 2009, plaintiff

1

filed a "revised joint statement re: discovery disagreement," setting forth her opposition to defendants' motion to compel. Dckt. No. 83.

This was plaintiff's third failure to appear in this action. On January 24, 2007, plaintiff failed to appear at a court-scheduled status conference; therefore, on January 25, 2007, the court rescheduled the status conference for February 21, 2007, and ordered plaintiff to show cause why sanctions should not be imposed for her failure to attend the status conference. Dckt. No. 30. Plaintiff responded to the order to show cause, stating that her "mail forwarding [had] been haphazard" and that she never received the order setting the status conference. Dckt. No. 35 at 1-2. At the February 21, 2007 status conference, the court addressed the order to show cause with the parties and, on February 26, 2007, the court issued an order noting that plaintiff had moved and failed to notify the Clerk of her new address as required by Local Rule 83-182(f), and ordered plaintiff to pay to defense counsel $195.00 for the wasted appearance on January 24, 2007. Dckt. No. 39.

Then, on April 22, 2009, plaintiff failed to appear at a hearing on defendants' initial motion to compel her deposition, despite acknowledging her awareness of the hearing through her participation in preparing the joint statement regarding the discovery dispute. Dckt. No. 66, 71. At the hearing, the court discussed the pending motion to compel with defense counsel, and after consideration, granted defendants' motion. Dckt. No. 71. On April 24, 2009, the court issued an order formally granting defendants' motion; compelling plaintiff to attend her deposition; and admonishing plaintiff "that the court may impose monetary and other sanctions, including dismissal of this action, in response to plaintiff's failure to prosecute this action, including her failure reasonably to cooperate with defense counsel in the discovery process." Dckt. No. 72 at 3. The court further stated:

> Federal Rule of Civil Procedure 41(b) allows dismissal of this action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . ." *See also* E.D. Cal. L.R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of

2

>any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Plaintiff's *pro se* status does not derogate this authority. "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E.D. Cal. L.R. 83-183.

*Id.* at 3-4.

Plaintiff will now be ordered to show cause why sanctions, *including dismissal of this action*, should not be imposed on her for failing to appear for the third time on October 21, 2009. Additionally, plaintiff shall show cause why this case should not be dismissed for failure to prosecute, Fed. R. Civ. P. 41(b), and plaintiff's failure to comply with the federal and local rules of court and the court's previous orders. Fed. R. Civ. P. 16(f)(C); E. D. Cal. L. R. 11-110. Plaintiff is *again* reminded that failure to comply with orders of this court or with the court's Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 83-183.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, on or before November 4, 2009, why sanctions should not be imposed upon her for her failure to appear at the October 21, 2009 hearing; and,

////
////
////
////
////

3

1   2.  Failure of plaintiff to comply with this order will result in a recommendation that this
2   action be dismissed.
3       SO ORDERED.
4   DATED: October 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4