1
2
3
4
5
6
7                   IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CAROLYN BROCKMEIER,

11              Plaintiff,                    No. CIV S-05-2090 MCE EFB

12        vs.

13   SOLANO COUNTY SHERIFF'S              <u>ORDER</u>
     DEPT., et al.,
14
                Defendants.
15   _____/

16        On October 21, 2009, this case was before the undersigned for a hearing on defendants'

17   motion to compel plaintiff to appear for a further deposition, to compel plaintiff to respond to

18   certain document requests, and for sanctions.  Dckt. Nos. 77, 86.  Attorney Jennifer Plescia

19   appeared on behalf of defendants; plaintiff failed to appear.

20        The hearing on defendants' motion was originally scheduled for September 23, 2009, and

21   on September 18, 2009, plaintiff filed a belated request to continue the hearing.  Dckt. No. 81.

22   Therefore, on September 21, 2009, the court continued the hearing to October 21, 2009.  Dckt.

23   No. 82.  On October 7, 2009, plaintiff filed a "revised joint statement re: discovery

24   disagreement," setting forth her opposition to defendants' motion to compel.  Dckt. No. 83.  She

25   stated in her opposition that she would not be able to appear in person for oral argument and

26   requested that matters be decided without oral argument.  *Id.* at 13.  The matter was not taken off

                                             1

calendar but plaintiff nonetheless failed to appear at the hearing.  Accordingly, the court ordered plaintiff to show cause why sanctions should not be imposed for her failure to appear.  Dckt. No. 87.

Plaintiff filed a response to the order to show cause (dckt. No. 88) which contends that her "right knee and right foot went out, making it impossible for [her] to travel from her home in Desert Hot Springs, CA to Court in Sacramento on the designated hearing date." *Id.* at 2.  She also explains that she "has experienced severe osteoarthritis for years," and at present her "knee is locking up and numerous sesmoid bones in her right foot are growing, both conditions being extremely painful." *Id.* at 3.  She contends that she has been actively moving forward with her case and that, therefore, her case should not be dismissed for failure to prosecute.

In light of plaintiff's response, and her request for consideration of the matter without oral argument, the order to show cause is discharged,[1] defendants' motion to compel is submitted without oral argument, and the following order issues on that motion.

I. BACKGROUND OF CASE

Plaintiff's first amended complaint, filed April 6, 2007, alleges that defendants violated her Fourth Amendment right to be free from unreasonable searches and are therefore liable to plaintiff under 42 U.S.C. § 1983.  Dckt. No. 42, Compl. ¶ 1.  Specifically, the amended complaint alleges that on or about October 20, 2004, plaintiff called the Solano County Sheriff's Department to report an attempted burglary of her home; that when Solano County Sheriff's deputies arrived, plaintiff stated that she had already searched and secured the premises and did not want her home searched; but that the deputies threatened plaintiff and broke into and searched her home, including her confidential legal files. *Id.* ¶¶ 10-13.  The amended complaint alleges that the next day, the deputies "reported substandard living conditions they had observed to county compliance officers," and that as a result, the compliance officers "yellow-tagged the

---

[1] Plaintiff is admonished, however, that further failures to attend scheduled hearings and/or otherwise comply with court orders will result in sanctions.

house, thus diminishing the value of the property[,] causing plaintiff to sell the house at a distressed price," denying her occupancy of the home, and rendering her homeless. *Id.* ¶¶ 14-16.

Plaintiff further alleges that between July 1, 2005 and September 30, 2005, defendant James "delayed six weeks in informing Plaintiff of violations on her home; failed and refused to return Plaintiff's telephone calls regarding said violations and repair of same; cited Plaintiff for areas not in violation; made veiled threats against potential buyers; told one potential buyer that his actions in his official capacity as a County agent were of a personal nature; and made unwarranted threats to Plaintiff's liberty." *Id.* ¶ 20.  Plaintiff also alleges that James "told potential buyers that he was within days of having Plaintiff's home condemned and eventually having it abated as a nuisance." *Id.* ¶ 21.  Plaintiff seeks unspecified compensatory damages, punitive damages, fees, and costs. *Id.* at 6.  On May 24, 2007, defendants County of Solano and Deputies Gilliam, Knight, and Munck filed an answer to plaintiff's first amended complaint, denying liability, and on November 17, 2007, defendant James did the same.[2] Dckt. Nos. 51, 57.

II. <u>MOTION TO COMPEL</u>

Defendants filed the instant motion to compel plaintiff to appear for a further deposition, to respond to defendants' Requests for Production of Documents, Sets Two and Three, and for sanctions. Dckt. Nos. 77, 86.

A.    <u>Deposition of Plaintiff</u>

Pursuant to an April 24, 2009 order compelling plaintiff to appear for a further deposition, plaintiff appeared for deposition on May 20, 2009.  However, according to defendants, the deposition was not finished that day because plaintiff failed to cooperate with counsel, substantially delayed the deposition, and refused to answer certain questions.  Dckt. No. 80 at 2.  According to defendants, throughout the deposition, plaintiff instructed defense counsel

---

[2]  Although plaintiff's first amended complaint also names the Solano County Sheriff's Department as a defendant in this action, in an order dated December 18, 2006, that defendant was dismissed as redundant to defendant Solano County.  Dckt. No. 23 at 2.

to "wait" before she responded to questions posed of her during the deposition so that she could "copy each word down" on a note tablet by hand.  *Id.*  Defendants also contend that "[a]t some point in the proceedings, counsel for Defendants became aware Plaintiff was apparently surreptitiously recording the deposition and conversations in the room during breaks by way of an audio recording device in her purse," and that as a result, "counsel for Defendants was forced to stop the normal course of questioning and inquire into this urgent matter of great concern." *Id.* at 3.  Defendants add that plaintiff "generally refused to respond to questions regarding Defendant David James, on the purported grounds that he had never been served," despite defendants' counsel's assertions that James was represented and had appeared in the action.  *Id.* According to defendants, plaintiff also "refused to answer questions regarding the type of pain medication she was on the morning of the alleged incident or what ailment the medication was treating," "refused to answer why she exited her house while a suspect was attempting to break into her home," and "refused to answer and/or was evasive to questions regarding notes she took contemporaneous to the alleged incident."  *Id.* at 3-4.

Plaintiff counters with allegations that the deposition started 25 minutes late and that defendants' counsel "accosted" her in the hallway and "verbally harangued her for several minutes."[3]  Dckt. No. 83 at 2.  She also states that it was defense counsel who delayed the deposition, not her, by haranguing throughout the deposition.  *Id.*  She contends that she "tried to take a few notes to steady herself at the start of the deposition," but that her note-taking time was less than one and a half minutes.[4]  *Id.* at 2-3.  She says that she took notes because she was suspicious in light of a highly edited and biased earlier deposition transcript, which plaintiff

---

[3]  Defense counsel responds that they "are unaware as to what Plaintiff is referring to when she alleges she was 'accosted' or 'harangued' before or during the deposition. To the extent counsel strongly and persistently insisted notes should be produced or the deposition should proceed to completion, it is unfortunate Plaintiff had any such perception of impropriety of which counsel was unaware, for which apologies are now extended."  Dckt. No. 84.

[4]  In her declaration, she states that the note taking did not take more than two and a half minutes.  Dckt. No. 83 at 39.

1   contends did not incorporate changes plaintiff had made thereto.[5]  *Id*. at 4.  She also contends

2   that she allowed the deposition to go on longer than the seven hours permitted by the Federal

3   Rules of Civil Procedure so that they could finish the topic they were discussing, but that when

4   defense counsel brought up a new topic – David James – she refused to answer the questions

5   because the deposition had lasted more than seven hours, and her driver had to be elsewhere for

6   an afternoon appointment.  *Id*. at 3.

7        Plaintiff contends that she was talking to a court reporter during a break about the edited

8   transcript, when defense counsel came into the room and started accusing plaintiff of secretly

9   recording the deposition.  *Id*.  Plaintiff "denies any unethical or illegal activity connected with

10  any surreptitious recording of the deposition."  *Id*. at 6.  Finally, plaintiff contends that she did

11  not refuse to answer questions about the type of pain medication she took on the date of the

12  incident and that she only objected for relevance when defense counsel asked her what part of

13  her body she had surgery on.  *Id*.

14       Federal Rule of Civil Procedure 30(d)(1) provides that although depositions are typically

15  limited to one day of seven hours, a "court must allow additional time consistent with Rule

16  26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other

17  circumstance impedes or delays the examination."  *See also* Fed. R. Civ. P. 30(a)(2)(A)(ii) ("A

18  party must obtain leave of court, and the court must grant leave to the extent consistent with Rule

19

20  _____

        [5]  Defendants respond that these proposed changes were not timely and are substantive
21  proposed changes, which they should be able to depose plaintiff about, and which do not reflect
     fraud in the transcript. Dckt. No. 84.  Defendants contend that they were not made aware of
22  plaintiff's proposed changes until she filed her opposition to this motion, and they attached a
     copy of those proposed changes to their reply.
23       Plaintiff argues that the original, unedited version of the transcript was much longer than
     the official version, and she suggests that the court should ask why that is.  She states that
24  defense counsel is trying to perpetrate a fraud on the court by stating that no changes were made
     to the deposition transcript and contends that defense counsel should be sanctioned for doing so.
25  *Id*. at 5.  She argues that defense counsel is trying to show (via the deposition transcript) that the
     alleged search occurred on October 18, 2004, even though she contends it occurred on October
26  20, 2004.  *Id*.  Because there is no evidence that defendant perpetrated a fraud on the court,
     plaintiff's request for sanctions is denied.

26(b)(2):  (A) if the parties have not stipulated to the deposition and: . . . (ii) the deponent has already been deposed in the case. . . ."). Rule 26(b)(2) provides that a "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Here, defendants have shown that they need additional time to examine plaintiff.  They have been unable to depose plaintiff regarding various relevant topics, including defendant James,[6] *Monell* issues, damages, and issues relating to documents which plaintiff has refused to disclose.  Defendants have also shown that plaintiff "impede[d] or delay[ed] the examination" by insisting on taking handwritten notes of several exchanges, and refusing to answer questions about defendant James and other relevant questions pertaining to the defense of this matter, and that an additional two hours of examination would not violate the provisions of Rule 26(b)(2). Therefore, defendants' motion to compel plaintiff to submit to an additional two hours of deposition will be granted.

B.      Defendants' Request for Production of Documents, Set Two

Defendants also move to compel plaintiff to produce documents responsive to their Request for Production of Documents, Set Two, which was served on plaintiff on March 24, 2009, and which requested the following documents:  "Any and all notes and/or documents YOU

---

[6] Plaintiff is admonished that she has an obligation to respond to defendants' deposition questions unless the responses are privileged; she can object to questions on other grounds, but still must answer the questions.  *See* Fed. R. Civ. P. 30(c)(2).

1   created concerning the events that occurred on October 18, 2004, including the notes YOU

2   referenced in YOUR deposition, page 208 paragraphs 10-15, on December 12, 2007."  Dckt. No.

3   80-2 at 52 (caps in original).  Plaintiff objected to the request stating:

> 4   There were no documents or notes created on October 18, 2004
> because that was not the date on which sheriff's deputies made
> 5   unlawful entry into Plaintiff's home.  Sheriff's deputies made
> unlawful entry into Plaintiff's home on October 20, 2004, and all
> 6   notes or documents created were made solely as work product in
> anticipation of a lawsuit, and are therefore privileged.
> 7

8   Dckt. No. 80-2 at 61.  No privilege log was provided in support of the claim of privilege.

9       Defendants contend that plaintiff's failure to include a privilege log effected a waiver of

10  any privilege she held regarding the notes at issue; that her failure to make a good faith effort to

11  search for the documents is contrary to the Federal Rules of Civil Procedure; that her notes

12  which include facts of the events do not fall into the definition of work product; and that even if

13  the notes are work product, defendants are entitled to discover them because of defendants'

14  substantial need for the notes and their inability to obtain the substantial equivalent of the notes

15  by other means.  *Id.* at 6-7.  Plaintiff counters that she has "claimed privilege for these

16  documents" and that defendants did not request a privilege log.  She also contends that she is

17  under a doctor's order not to travel, so she cannot travel from her home in southern California to

18  where the documents are stored in northern Nevada.  Dckt. No. 83 at 8.

19      The documents defendants seek here – notes plaintiff took contemporaneously with the

20  alleged events – are clearly relevant to this action.  Thus, they are discoverable under Rule

21  26(b)(1) unless they are protected work product as plaintiff contends.  Fed. R. Civ. P. 26(b)(1)

22  ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

23  claim or defense--including the existence, description, nature, custody, condition, and location of

24  any documents or other tangible things and the identity and location of persons who know of any

25  discoverable matter.").  Plaintiff's assertion of the work product privilege here is problematic, to

26  say the least.  "At its core, the work-product doctrine shelters the mental processes of the

attorney, providing a privileged area within which he can analyze and prepare his client's case."

*United States v. Torf (In re Grand Jury Subpoena)*, 350 F.3d 1010, 1015 (9th Cir. 2003)

(citations omitted) (quoting *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)).  Work

product is divided into two general categories – "qualified" work product which protects factual

investigations, and "absolute" work product which protects mental impressions, legal strategies,

and so forth.  A party seeking qualified work product has the burden of demonstrating a

"substantial need" for the qualified work product, as well as an inability to obtain the

information from other sources without undue hardship.  *Upjohn Co. v. United States*, 449 U.S.

383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981).  Absolute work product is discoverable

only where the attorney or party's mental impressions are *at issue* and there is a compelling need

for the material.  *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

The work product doctrine protects documents "that are prepared in anticipation of

litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A).

A document is "prepared 'in anticipation of litigation' and thus eligible for work product

protection under Rule 26(b)(3) if, in light of the nature of the document and the factual situation

in the particular case, the document can be fairly said to have been prepared or obtained because

of the prospect of litigation."  *Torf*, 350 F.3d at 1016 (citations omitted).  "Thus, [t]he question

of entitlement to work product protection cannot be decided simply by looking at one motive

that contributed to a document's preparation.  The circumstances surrounding the document's

preparation must also be considered."  *Id.*

Plaintiff stated in her objection to the document request and in her deposition that the

notes at issue were handwritten by her within a half hour of the alleged incident, and were notes

regarding her mental and legal impressions that were prepared in anticipation of this litigation.

Dckt. No. 80-2 at 8, 24-25, 61.  "Notes and memoranda of an attorney, or an attorney's agent,

from a witness interview are opinion work product entitled to almost absolute immunity. . . .

Attorney notes reveal an attorney's legal conclusions because, when taking notes, an attorney

1   often focuses on those facts that she deems legally significant.  In this way, attorney notes are

2   akin to an attorney's determination as to which documents are important to a case-the latter

3   being something we have also held to be protected work product."  *See O'Connor v. Boeing N.*

4   *Am., Inc.*, 216 F.R.D. 640, 642 (C.D. Cal. 2003).

5          Defendants argue that they are nonetheless entitled to the notes because plaintiff's

6   contemporaneous recollection of what occurred is the best evidence of what actually occurred –

7   creating a substantial need for plaintiff's notes regarding her recollection of the events, and

8   defendants would suffer undue hardship trying to reconstruct the information at this much later

9   time.  The policy underlying this contemporaneous statement principle was explained in

10  *Doubleday v. Ruh*, 149 F.R.D. 601, 607-08 (E.D. Cal. 1993).

11              [T]his case involves colorable allegations that the police officers
              involved here manipulated evidence and the district attorneys so
12             that the plaintiff would be improperly prosecuted. If such
              allegations are true, the best evidence of these improprieties would
13             be the contemporaneous statements of the witnesses, especially
              those of the sheriff's officers involved. While it is true that the
14             sheriff's officers and other witnesses could be deposed, the
              passage of time and the present, potential bias of the defendants
15             may color recollections such that what was said at the time cannot
              be accurately deciphered. In short, there is a substantial need for
16             the contemporaneous information, and an undue hardship in
              attempting to reconstruct the information at this time.

17

18  *Id.; see also Stout v. Norfolk & W. Ry. Co.*, 90 F.R.D. 160 (C.D. Ohio 1981) ("Contemporaneous

19  statements are viewed as unique and unduplicable. . . . Hence, there is always a showing of

20  undue hardship. Since the statements are essential to developing the fact pattern, we 'buy' the

21  argument that in the case of contemporaneous statements of eye witnesses there is a showing of

22  need.").

23          Without seeing the notes or a privilege log, it is difficult for the court to discern whether

24  the notes are or contain protected work product.  Plaintiff contends that the notes were prepared

25  in anticipation of litigation.  If they were not, plaintiff cannot withhold them on work product

26  grounds.  Therefore, plaintiff must produce any responsive notes which were not prepared in

anticipation of litigation.[7]  *See Torf*, 350 F.3d at 1016.  Further, in light of the significant value of

the notes (plaintiff was the only contemporaneous witness to the incident), plaintiff will be

ordered to produce those notes which were prepared in anticipation of litigation and which

disclose only plaintiff's factual account of what occurred on the date of the incident.  *See Hurst*

*v. City of Rehoboth Beach*, 2006 WL 3366389, at *3 (D. Del. Nov. 21, 2006) ("work product

doctrine and the attorney-client privilege do not permit someone to shield factual information");

*see also Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 663 (D. Colo. Nov. 23, 2005)

(documents were not covered by the work product doctrine simply because they were "based on

[plaintiff's] investigations of the facts of the case before bringing it pro se."); *Robbins v. Chase*

*Manhattan Bank, N.A.*, 1998 WL 106152, at *1 (S.D.N.Y. Mar. 9, 1998) ("Even assuming that a

pro se litigant may be equated with an attorney for purposes of [work product] analysis,

[plaintiff's] notes do not indicate her strategic thinking, but are instead a diary of her factual

observations.  Thus, they are not 'core' work product.").

        However, plaintiff will not be ordered at this time to produce any notes prepared in

anticipation of litigation which reveal her mental impressions and/or legal strategies.  Defendants

do not argue that they meet the higher burden required to obtain discovery of those materials.

Indeed, defendants have not shown that plaintiff's mental impressions are at issue in the case or

that they have a compelling need for the notes in light of their ability to depose plaintiff.

However, plaintiff is ordered to produce a detailed privilege log, in accordance with Rule

26(b)(5), which describes *in detail* any notes which she withholds on these grounds.[8]

---

        [7]  Plaintiff contends that she cannot produce these documents because she is under a
doctor's order not to travel and cannot travel from her home in southern California to where the
documents are stored in northern Nevada.  Dckt. No. 83 at 8.  However, she does not contend
that the documents are not within her possession, custody, or control.  Therefore, absent a
protective order (which plaintiff has not sought), the fact that plaintiff cannot travel does not
excuse plaintiff from the obligation to produce these documents.

        [8]  Although defendants contend that plaintiff waived work product by failing to provide a
privilege log, plaintiff (who is *pro se*) did object on work product grounds and did flag the issue

C.    Defendants' Request for Production of Documents, Set Three

Defendants also move to compel plaintiff to produce documents responsive to their Requests for Production of Documents, Set Three, which were served on plaintiff on June 17, 2009.  Specifically, defendants seek (1) any and all notes and/or documents plaintiff created during her May 20, 2009 deposition; (2) any and all audio recordings, audio tapes, voice recordings, and/or sound recordings plaintiff took or created during her May 20, 2009 deposition; and (3) any and all documents, including police records, which reflect that October 20, 2004 was the day the incident occurred.  Dckt. No. 80-2 at 68-69.  Plaintiff objected to these requests on various grounds, including:  work product, best evidence rule, duplicativeness, and burden.  Dckt. No. 83 at 8.

Defendants contend that plaintiff failed to provide a privilege log and that therefore, any privileges she may have asserted in objection to these document requests have been waived. Dckt. No. 80 at 6.  Defendants also contend they are entitled to both the recording and the notes that capture plaintiff's testimony because "[b]oth methods which Plaintiff employed were not authorized by the Court and were not in compliance with [the] Federal Rules of Civil Procedure . . . as a means to record or stenographically record testimony."  *Id*. at 8.  Defendants contend that the police reports that plaintiff claims reflect an October 20, 2004 incident date, pursuant to Rule 26(b)(1), are non-privileged and defendants are entitled to those documents.  *Id.*

Plaintiff counters that she has "claimed privilege for these documents" and that defendants did not request a privilege log.  She also contends that she is under a doctor's order not to travel, so she cannot travel from her home in southern California to where the documents are stored in northern Nevada.  Dckt. No. 83 at 8.  She further contends that although the receipt for plaintiff's gun, which was written by one of the defendants and which contains the date of the

---

for defendants; therefore the court will not deem the protection waived. *See Burlington N. & Santa Fe Rwy. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), cert. denied, 546 U.S. 939, 126 S. Ct. 428, 163 L. Ed. 2d 326 (2005).

incident, is not privileged, defense counsel should be able to get a copy of it from that defendant.
Dckt. No. 83 at 8.  Plaintiff also suggests that if she provides defendants with her copy of the gun
receipt, they could destroy it and prevail on a motion for summary judgment based on timeliness
grounds.  Dckt. No. 83 at 8.  Therefore, plaintiff contends, it is critical for her to keep her copy
of the receipt.  Dckt. No. 83 at 9.  The argument is curious, to say the least.

Unfortunately, defendants acknowledge that they did not meet and confer with regard to
these document requests.  Dckt. No. 80 at 5, 10; Dckt. 80-2 at 3, ¶ 16.  They state that "[g]iven
that Plaintiff has failed or refused on record during her deposition, and ignored prior attempts to
meet and confer, Defendants considered it futile to conduct further meet and confer on these
issues."  *Id.*  This does not satisfy the meet and confer requirements of the federal rules.

Rule 37 of the Federal Rules of Civil Procedure requires a motion for an order
compelling disclosure or discovery to "include a certification that the movant has in good faith
conferred or attempted to confer with the person or party failing to make disclosure or discovery
in an effort to obtain it without court action."  Additionally, Local Rule 251(b) provides that a
discovery motion "shall not be heard unless . . . the parties have conferred and attempted to
resolve their differences. . . . "  Although defendants may be correct that meeting and conferring
with plaintiff regarding these document requests would have been futile, defendants have not
adequately explained why they did not even attempt to do so.  Therefore, defendants' motion to
compel the production of these documents is denied without prejudice.[9]  *See Page v. Acosta*,
2009 WL 1357453, at *3 (N.D. Cal. May 13, 2009) ("Only when the parties have a discovery
dispute that they cannot resolve among themselves should the parties even consider asking the
court to intervene in the discovery process. The court does not have enough time or resources to

___

[9] However, plaintiff is admonished that Rule 26(b)(5) requires the production of
privilege logs any time information is withheld on the ground that the information is privileged,
and that failure to timely produce a privilege log may result in a waiver of the privilege at issue.
*Burlington N. & Santa Fe Rwy. Co.*, 408 F.3d 1142.  Plaintiff is also cautioned that she is
obligated to meaningfully participate in discovery and to comply with all discovery rules, and
that a failure to do so may amount in sanctions.  Fed. R. Civ. P. 37.

oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. . . . A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.").

> D.    Sanctions

Although the court grants defendants much of the relief sought in their motion to compel, the court reluctantly declines to award sanctions to defendants at this time.  *See* Fed. R. Civ. P. 37(a)(5) (where motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion).  Plaintiff was unreasonable in her delays during the May 20, 2009 deposition and her refusal to answer certain questions.  Likewise, plaintiff's failure to produce any documents *or* a privilege log in response to defendants' Requests for Production of Documents, Set Two, was *not* substantially justified.  However, defendants filed this motion to compel without adequately meeting and conferring with plaintiff regarding the other document requests.  *See* Fed. R. Civ. P. 37(a)(5)(A) (" the court must not order [sanctions] if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.").  Therefore, defendants' request for sanctions is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to compel, Dckt. No. 77, is granted in part and denied in part, as identified above.

2.  Within twenty-eight days from the date this order is filed, plaintiff shall submit to an additional two hours of deposition.

////

////

////

3.  Within twenty-eight days from the date this order is filed, plaintiff shall produce all documents responsive to defendants' Request for Production of Documents, Set Two, except those which were prepared by plaintiff in anticipation of litigation and which contains plaintiff's mental impressions and/or legal strategies.  If plaintiff withholds any documents on those grounds, plaintiff shall provide to defendants within twenty-eight days from the date this order is filed, a privilege log, in accordance with Rule 26(b)(5), which describes in detail any such documents.

Dated:  January 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

14