UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAROLYN CARLTON BROCKMEIER,    NO. 2:05-cv-02090-MCE-KJN

    Plaintiff,

  v.                             MEMORANDUM AND ORDER

SOLANO COUNTY SHERIFF'S DEPT.
and COUNTY OF SOLANO and
DEPUTIES GILLIAM, KNIGHT,
MUNCK, DAVID JAMES, and DOES
I THROUGH VI, INCLUSIVE,

    Defendants.

----oo0oo----

On August 19, 2010, this Court issued its Memorandum and Order (ECF No. 116) denying summary judgment in favor of Defendants County of Solano, Sergeant Walt Gilliam, Deputy Enoch Knight, Deputy Hans Munck, and David James for all claims asserted by Plaintiff Carolyn Brockmeier ("Plaintiff").

///
///
///
///

1

Through the present Motion for Reconsideration, Defendant David James ("Defendant") asks this Court to reconsider, under Federal Rule of Civil Procedure 59(e) and Eastern District of California Local Rule ("Local Rule") 230(j), its denial with respect to all claims brought against him. For the reasons set forth below, Defendant's Motion for Reconsideration is denied.[1]

## BACKGROUND

The background of this case was fully explicated in the Court's initial Memorandum and Order of August 19, 2010 ("Order") and need not be repeated here. (See ECF No. 116.)

## STANDARD

Courts are loathe to revisit their own decisions unless extraordinary circumstances show that a prior decision was clearly erroneous or would work a manifest injustice. Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (2000). This principle is generally embodied in the law of the case doctrine, which "counsels against reopening questions once resolved in ongoing litigation." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (internal citations omitted). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

2

See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

A timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e). Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995). Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court committed clear error, 2) the court is presented with newly discovered evidence, 3) the initial decision was manifestly unjust, or 4) there is an intervening change in controlling law. Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003)(internal citations and quotations omitted). Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Ayala v. KC Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (internal citations and quotations omitted). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 59(e). Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner, 338 F.3d at 1063.

///

3

**ANALYSIS**

Defendant's reconsideration request rests on his contention that this Court committed clear error in denying his Motion for Summary Judgment. Specifically, Defendant argues that Plaintiff's claim for violation of her procedural due process rights, pursuant to 42 U.S.C. § 1983, cannot be sustained without first showing that state remedies were inadequate and all state remedies were exhausted. (Def.'s Mot. Recons. 4.)

The Court disagrees with Defendant's position that the prior Order constituted clear error. Plaintiff is correct in his assertion that courts are to consider the adequacy of state law remedies when dealing with procedural due process claims brought under Section 1983. See Paratt v. Taylor, 451 U.S. 527, 537 (1981)(overruled on different grounds); Zinermon v. Burch, 494 U.S. 113, 125 (1990). After a review of the relevant case law, however, the Court cannot find any authority supporting Defendant's assertion that a plaintiff *must* first demonstrate that *all* state remedies were exhausted in order to survive a defendant's motion for summary judgment involving a procedural due process claim brought under Section 1983.

In its prior Order, the Court addressed the adequacy of the state remedy. The Court held that there was a genuine issue of material fact as to whether Plaintiff was adequately provided access to the state remedial process in light of Defendant's alleged conduct.

///
///

With the existence of a triable issue as to the adequacy of the state law remedy, and no authority requiring Plaintiff to demonstrate the exhaustion of all available state remedies prior to bringing a procedural due process claim under section 1983, the Court did not commit clear error in denying Plaintiff's Motion for Summary Judgment for claims brought against him.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 117) is DENIED.

IT IS SO ORDERED.

Dated: November 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE